IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MANUEL ROBERTO NAVA,<br>　　Plaintiff,<br>v.<br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social Security<br>Administration,<br>　　Defendant. | NO. EP-14-CV-0086-KC<br>(-NJG by consent) |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for this district.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits and supplemental security income under Title II and Title XVI, respectively, of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

## BACKGROUND AND PROCEDURAL HISTORY

On May 23, 2011, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of April 8, 2011. (R:131, 138)[1] His applications was denied initially and on reconsideration. (R:38-39, 42-43) Plaintiff filed a request for a hearing, which was conducted on August 9, 2012. (R:27-37) The ALJ issued a decision on November 30, 2012, denying benefits. (R:14-20) On January 8, 2014, the Appeals Council denied

---

[1]Reference to the Administrative Record, contained in Docket Entry Number 15, is designated by an "R" followed by the page number.

Plaintiff's request for review. (R:1-7)

On March 5, 2014, Plaintiff initiated this action for judicial review. [Docs. 1, 5] Defendant filed an answer on July 1, 2014. [Doc. 14] On September 24, 2014, Plaintiff filed a brief in support of his complaint. [Doc. 22] On October 23, 2014, Defendant filed a brief in support of the decision to deny benefits. [Doc. 23] Plaintiff filed a reply brief on November 10, 2014. [Doc. 25]

## ISSUES

Plaintiff presents the following issue for review:

1) whether the ALJ's failure to find Plaintiff's diabetic neuropathy severe warrants remand.

Plaintiff claims that the ALJ used an improper legal standard to evaluate the severity of his impairments. Consequently, he seeks a reversal and remand for an award of benefits or for further administrative proceedings. Defendant responds that the ALJ used the proper legal standards, and that substantial evidence supports the ALJ's findings and conclusions.

## DISCUSSION

### I. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984 (1995). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire*

v. *Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, the court must carefully examine the entire record, but may not re-weigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the Secretary's decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). At step five, the burden shifts to the Commissioner to show that there is other work available that the claimant can perform. *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999). If the Commissioner establishes other potential employment, the burden shifts back to the claimant to prove she is unable to perform the alternative work. *Id.* A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the

Commissioner's analysis. *Leggett*, 67 F.3d at 564.

### III. The ALJ's Decision

First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 8, 2011. (R:16) He also determined that Plaintiff met the insured status requirements through March 31, 2015. In the second step, he found that Plaintiff had medically determinable impairments of: diabetes mellitus with neuropathy; hypertension; bilateral cataracts; gastritis and diverticulosis; and status post partial third right ray resection. (R:16) However, the ALJ determined that he did not have a severe impairment or combination of impairments. (R:16) Consequently, he concluded that Plaintiff was not disabled within the meaning of the Social Security Act, and was not entitled to benefits. (R:20)

### IV. Determination of the Severity of Plaintiff's Impairment

Plaintiff argues that the ALJ erred in failing to find his diabetic neuropathy severe. Further, he argues that the ALJ's findings are not supported by substantial evidence, and that remand is required, pursuant to *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

Under the Regulations, a severe impairment is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). In *Stone*, the Fifth Circuit held that a literal application of the regulation would be inconsistent with the Social Security Act, because it would deny benefits to individuals who are disabled under the statute. 752 F.2d at 1104-05. Therefore, the Court held that an impairment is considered as not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101.

The Court further held that it would "assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used." *Id.* at 1106. Notwithstanding this presumption, the Court must look beyond the use of "magic words" to determine whether the ALJ applied the correct severity standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). Remand is required only where there is no indication that the ALJ applied the correct standard. *Id.*

In this case, the ALJ set forth the standard to apply at step two of the sequential analysis to determine whether an impairment is severe, as follows:

> "An impairment is non-severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).
> (R:15)

Plaintiff asserts that although the ALJ referenced the *Stone* standard, he also used language that was inconsistent with that standard:

> In reaching the conclusion that the claimant does not have an impairment or combination of impairments that significantly limits his ability to perform basic work activities, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and 416.929 and SSRs 96-4p and 96-7p.
> (R:17)

At the conclusion of the opinion, the ALJ then stated:

> In sum, the claimant's impairment or combination of impairments is non-severe because they constitute a slight abnormality having such minimal effect on claimant that it would not be expected to interfere with his ability to work, irrespective of age, education, or work experience.
> (R:19)

Plaintiff argues that even though the ALJ referenced *Stone*, he also used inconsistent language, thus raising the question of whether the correct legal standard was applied. However, remand is not required where substantial evidence supports the ALJ's decision. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (per curiam); *Rodriguez v. Astrue*, EP-10-CV-399-RPM, 2012 WL 728176 at *8-9 (W.D. Tex. Mar. 5, 2012) (although ALJ cited to *Stone*, but did not use exact *Stone* language, the step two decision was held to be supported by substantial evidence). Review of the evidence in this case shows that the correct standard was used and that substantial evidence supports the ALJ's determinations.

Medical records show that Plaintiff was assessed with and treated for diabetes mellitus with neuropathy from 2006 through 2009. (R:314-28) Also, in 2006, he underwent a partial third ray resection with wound irrigation on his right foot. (R:238, 328) On May 18, 2010, Plaintiff reported decreased sensation in his feet, but also that his sensation had not changed in a long time. He further reported that he was on a diabetic diet, walked daily, and worked standing up as a mechanic. Upon physical examination, he exhibited a smooth gait and upright posture. Despite decreased sensation, his feet appeared very healthy. He was assessed with diabetes mellitus and idiopathic peripheral neuropathy. His hypertension and diabetes were both noted as being "very well controlled." He was advised to continue his medications, follow a diabetic diet, and walk 3-4 times per week for 30-45 minutes a day. (R:238-41)

On January 10, 2011, physical examination showed that Plaintiff had decreased sensation distally to the metatarsophalangeal joint region of both feet. Yet, he was able to move the toes, foot, and ankle without any pain or difficulties. (R:278) He continued to be assessed with diabetes mellitus with neuropathy, and was advised to continue self-feet examinations and the use of diabetic

shoes.

On February 8, 2011, Plaintiff reported being compliant with his diet, medications, and exercises. He denied any changes in sensation and any neurological deficits. Upon examination, he had normal blood pressure results, a smooth gait, and normal neurological results. (R:243-47) On April 12, 2011, physical examination revealed normal results, including a normal musculoskeletal exam, normal reflexes, and intact sensation to touch, pin, vibration, and position. (R:248-52)

An MRI examination on March 24, 2012, revealed the presence of a small soft tissue mass within the left foot, that most likely represented a benign fibrous tumor. (R:364) Upon physical examination on April 2, 2012, Plaintiff reported decreased sensation in both feet, but very minimal intermittent discomfort in the left foot, and only when he ambulated more than usual. (R:360) Plaintiff denied having any limitations in his daily living activities. Assessed with diabetes mellitus with neuropathy, he was advised to continue daily self-foot exams and continue use of diabetic shoes. (R:360)

The ALJ considered the evidence of record and found that Plaintiff had a medically determinable impairment of diabetic neuropathy. However, the mere presence of an impairment is not disabling per se. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, it is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). His own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529. Further, impairments that are remedied or controlled by medication or treatment are not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987).

Plaintiff testified at the hearing in August 2012 that he had numbness and tingling in his feet

that interfered with his ability to walk, such that he could only walk a block or stand for less than ten minutes. (R:33-34) Also, he testified that if he sits more than five minutes with his feet dangling, his feet start to go numb. (R:34) The ALJ considered Plaintiff's testimony and determined that the alleged limitations were not supported by the objective medical evidence and other evidence. This Court agrees.

Not only is the medical evidence contrary to Plaintiff's testimony, but also his reported activities belie his claimed limitations. In his Function Report, dated June 10, 2011, he reported that he went shopping, went to church, went walking, drove a car, cleaned the yard, took out the trash, did light house work, and had no problems with personal care. (R:176-83) Although in a Disability Report dated October 21, 2011, Plaintiff claimed a new limitation of constant foot pain interfering with his ability to stand and balance (R:202), he denied having any limitation in his activities of daily living at his medical examination in April 2012. (R:360)

Thus, the ALJ reviewed the evidence and found that it did not support the degree of limitations alleged by Plaintiff. He concluded that the Plaintiff's allegations were not wholly credible, a determination that is within the ALJ's province. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Upon review, the Court concludes that substantial evidence supports the ALJ's findings on severity and disability, and that the correct legal standards were used.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

SIGNED and ENTERED on August __26__, 2015.

                                                                    NORBERT J. GARNEY
                                                                    United States Magistrate Judge